### MORSS *v.* DOMESTIC SEWING-MACH. Co.

*(Circuit Court, D. Massachusetts.* November 2, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENTS—EQUIVALENTS—DRESS-FORMS.
  Claim 1 of letters patent No. 233,239, granted October 12, 1880, to John Hall, for an improvement in dress-forms, whereby they may be made more readily adjustable to the varying styles and sizes of dresses, was for "the combination, with ribs, *c*, of the springs, *h*, each pair of springs having their upper ends secured to a single rib, and their lower ends to the two ribs next the said single rib, substantially as and for the purpose specified." The specifications show the ribs to be divided into sections, with the two springs attached to the upper section, and spreading downwards to the adjoining ribs; and expressly disclaim as new the stretchers, blocks, rests, and band, and their operation to expand and contract the dress-form at pleasure. *Held,* that the patent was limited to the specific device, and that the equivalent thereof was not contained in the patent of November 29, 1887, to William H. Knapp, having double ribs composed of a single U-shaped wire extending in an unbroken piece their entire length, and rigidly attached to a segmented waist-band.

In Equity. Suit for infringement of patent.
*Charles F. Perkins* and *Payson E. Tucker,* for complainant.
*John Dane, Jr.,* for defendant.

COLT, J. This is a suit brought for infringement of letters patent No. 233,239, granted to John Hall, October 12, 1880, for a new and useful improvement in dress-forms. Hall was also the inventor of an adjustable dress-form, embodied in a patent of the same date as the one in suit. The patent in suit is for an improvement on this prior invention, whereby, by means of springs attached to the ribs, the form is made more adjustble. The specification says:

"This invention relates to improved means for providing the ribs of a dress-form with the desired spring and elasticity necessary in order to make the dress-form adjustable, so as to conform to varying sizes, styles, etc., of dresses. * * * The ribs, *c, c,* instead of extending each in an unbroken piece for the entire length of the skirt, are provided with springs, *h, h;* both ribs and springs being preferably of wood. Each rib, *c,* is provided with two springs, *h,* extending to the next adjacent ribs; the rib being beveled, so as to allow the springs to set at the angle shown. * * * It will be noticed that in the rear portion of the dress-form the springs, *h,* are cut off immediately after extending a trifle below the lower bands, *k,* while in front they are allowed to extend down while the ribs, *c',* are cut off. The effect is the same in either

case; as below the lower bands, *k*, the springs, *h*, cease to be springs, and perform the function only of ribs. * * * By means of the application of the springs, *h*, to the ribs, strength and firmness are secured, and much better elasticity and spring are produced than when the dress-form relied entirely upon the elasticity of an unbroken rib."

The first claim, which is alone in controversy, is as follows:

"(1) In a dress-form, the combination, with ribs, *c*, of the springs, *h*, each pair of springs having their upper ends secured to a single rib, and their lower ends to the two ribs next the said single rib, substantially as and for the purpose specified."

The patentee expressly disclaims in his specification, as not new in this invention, the stretchers, blocks, rests, and band, and their operation to expand and contract the dress-form at pleasure; in other words, he expressly limits himself to certain specific improvements in an adjustable dress-form. The improvement covered by the first claim is therefore limited to the combination of ribs having springs so arranged that each pair of springs have their upper ends secured to a single rib, and their lower ends spread out to the two ribs adjoining.

The dress-form of the defendant is constructed according to letters patent granted November 29, 1887, to William H. Knapp. A comparison of the Knapp dress-form with that described in the Hall patent fails to disclose the employment of such a combination of ribs and springs as embody the invention of Hall. The ribs in defendant's dress-form are composed of a single wire in such manner as to form a double rib, being U-shaped at the lower ends, and extending in an unbroken piece their entire length. The ribs are supported in position by being rigidly attached to a waist-band divided into segments; this segment waist-band serving the purpose of the band, *g*, of the Hall patent. In the Hall patent the ribs are divided into sections, and two springs are attached to the upper sections. This form of ribs, with the springs attached, is not found in the defendant's device. There is nothing in defendant's structure which corresponds, or which is the equivalent, within the meaning of the patent law, of the peculiarly constructed ribs and springs of the Hall patent. It certainly requires all the ingenuity of the complainant's expert to show that the unbroken wire rib of the Knapp dress-form is the same or the fair equivalent of the rib split into sections, and the springs attached thereto of the Hall patent. The ribs in defendant's form are continuous from waist-band to base. They have no springs connecting sections of ribs. If the ribs, or any portion thereof, are to be considered as springs, they have no connection with ribs on either side. Bearing in mind that the Hall patent is only for an improvement in adjustable dress-forms, I am of opinion that the defendant does not infringe the first claim of the patent, and that the bill must be dismissed.

Bill dismissed.